IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 10-324-1 |
| | : | |
| STEVEN CATLETT | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                   **October 8, 2020**

Defendant Steven Catlett was charged by indictment with carjacking (four counts), in violation of 18 U.S.C. § 2119; carrying a firearm during and in relation to a crime of violence (two counts), in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon (three counts), in violation of 18 U.S.C. § 922(g)(1). On April 27, 2011, Mr. Catlett pleaded to all of the counts except for one of the carrying charges. The parties negotiated a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), agreeing that the appropriate disposition of this case would be a sentence of 300 months' (25 years') incarceration, followed by five years of supervised release. The late Judge Dalzell of this Court accepted the recommendation, and imposed the sentence agreed upon by the parties. Defendant now moves for relief pursuant to 28 U.S.C. § 2255 on four separate grounds, none of which have merit.

**Calculation of his sentence by the Bureau of Prisons (BOP)**

Mr. Catlett served time in state custody arising out of the same charges before this Court. He objects to the calculation of his sentence, on the ground that the BOP credited only part of his state time toward his federal term. The Government is correct that this is not the proper subject of a § 2255 motion. It must be addressed through an administrative proceeding, and if that is not successful, then through a motion under 28 U.S.C. § 2241. *See Coady v. Vaughn,* 251 F.3d 480,

485 (3d Cir. 2001) (collecting cases). Such a motion is properly venued in the district of confinement.

### *Application for Relief under the CARES Act*

Mr. Catlett next seeks transfer to home confinement under the CARES Act. 18 U.S.C. § 3621. Under the Act, Congress authorized the Bureau of Prisons to place inmates in home confinement. There is no grant of authority to courts to review such decisions, and as a general matter, designations by the Bureau are not reviewable. § 3621(b)(5). Numerous members of this Court have concluded that the CARES Act does not give rise to judicial review, and I agree with that conclusion. *United States v. Rodriguez-Collazo,* No. 14-CR-00378-JMY, 2020 WL 2126756, at *2-3 (E.D. Pa. May 4, 2020) (Younge, J.); *United States v. Pettiway*, No. CR 08-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) (Bartle, J.); *United States v. Torres*, No. CR 18-414, 2020 WL 3498156, at *5-6 (E.D. Pa. June 29, 2020) (Kearney, J.).[1]

### *Davis* **Claim**

Defendant further seeks relief under seeks relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), with respect to his conviction under section 924(c), arguing that his predicate offense was not categorically a crime of violence.

The 924(c) charge to which Defendant pled guilty was based on use of a gun in relation to a carjacking, in violation of 18 U.S.C. § 2119.3. The carjacking statute applies to "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence

---

[1] Since filing this motion pursuant to §2255, Mr. Catlett has separately moved for home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). That request has been denied because he failed first to exhaust administrative remedies.

of another by force and violence or by intimidation, or attempts to do so. . . ." 18 U.S.C. § 2119. On its face, the statute requires as an element "force and violence or . . . intimidation."

Any doubt in that regard is resolved by the Third's Circuit's analysis of the bank robbery statute, which mirrors the critical language of the carjacking statute. In *United States v. Wilson,* 880 F.3d 80, 88 (3d Cir. 2018), the Court held that bank robbery qualifies as a "crime of violence" under the similar elements clause that appears in U.S.S.G. § 4B1.2(a), without the need for to resort to the residual clause. The Third Circuit went on to note that even "intimidation," the least of the acts required, involves putting a person in fear of physical injury, and therefore involves the "use, attempted use, or threatened use of force against the person or property of another." 880 F.3d at 84-85.  Thereafter, in *United States v. Johnson*, the Court cited *Wilson* in applying the elements clause of section 924(c), holding that armed bank robbery, in violation of 18 U.S.C. § 2113(d), is categorically a "crime of violence." 899 F.3d 191, 203-04 (3d Cir. 2018). The Government is correct that taken together, these decisions "necessarily resolve" the status of carjacking for purpose of section 924(c).  It should finally be noted that four circuits have expressly held that carjacking is a crime of violence. *See United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017); *United States v. Jones,* 854 F.3d 737, 740-41 (5th Cir. 2017); *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019); *United States v. Gutierrez*, 876 F.3d 1254, 1255 (9th Cir. 2017) (per curiam); *Ovalles v. United States*, 905 F.3d 1300, 1304 (11th Cir. 2018) (attempted carjacking).

### *Rehaif* Claim

Finally, Mr. Catlett challenges his convictions under section 922(g) for possession of a firearm by a felon, relying on the Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019).  There, the Supreme Court held that the knowledge element of the 922(g) offense

requires not only proof that the defendant knowingly possessed a firearm, but also that he knew of the legal status that made such possession unlawful.

The law has changed since Defendant pleaded guilty. Because he did not raise this claim at trial or on appeal, it is procedurally defaulted unless he fits within an exception. To do so, he must show both "cause" for the default and "actual prejudice." *Bousley v. United States,* 523 U.S. 614, 622 (1998).

Admittedly, the argument that prevailed in *Rehaif* had earlier been denied in the Courts of Appeals. But the Court cautioned in *Bousley* that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time," *id.* at 623, unless the "claim 'is so novel that its legal basis is not reasonably available to counsel . . . .'" *Id.* at 622 (*quoting Reed v. Ross,* 468 U.S. 1, 16 (1984)). Here, it cannot be said that the question in *Rehaif* was novel where it was repeatedly litigated in circuit courts. *See United States v. Rehaif,* 888 F.3d 1138, 1144 (11th Cir. 2018), *rev'd Rehaif v. United States,* 139 S. Ct. 2191 (2019).

Nor does ineffective assistance of counsel suffice to excuse the default, as counsel is not expected to foresee every change in the law. *See United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015); *Sistrunk v. Vaughn,* 96 F.3d 666, 670-71 (3d Cir. 1996). As stated by the Supreme Court in the context of § 2254, "it will often be the case that even the most informed counsel will fail to anticipate a state appellate court's willingness to reconsider a prior holding or will underestimate the likelihood that a federal habeas court will repudiate an established state rule. But, as *Strickland v. Washington* made clear, '[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Smith v. Murray,* 477 U.S. 527, 536 (1986) (internal citation omitted).

The remaining question is whether Mr. Catlett can prevail under the doctrine of "actual innocence." *Bousley,* 523 U.S. at 623. This would require him to show that it was "more likely than not that no reasonable juror would have convicted him" had the district court correctly instructed the jury (or correctly advised the defendant during a plea hearing) and given the Government the opportunity to adduce evidence of the omitted element. *Schlup v. Delo,* 513 U.S. 298, 327 (1995). In *Bousley, supra,* the Supreme Court made clear that this takes into account the Government's ability to prove the required element of the charge. 523 U.S. at 623-24.

*Rehaif* requires proof that the defendant knew his *status* as a person previously convicted of a crime punishable by more than a year in prison; it does not require proof that the defendant knew that his firearm possession was illegal. 139 S. Ct. at 2196. In this case, the factual findings of the Final Presentence Investigation Report were adopted without objection. That report, issued July 18, 2011, shows that on July 21, 2008, Catlett was sentenced in state court to concurrent terms of 11½ to 23 months' imprisonment for two separate drug trafficking offenses that occurred in 2007 and 2008. He was paroled on February 9, 2009, just nine months before the crimes at issue here. PSR ¶¶ 84-89.

Defendant indisputably knew that he was previously convicted of a crime punishable by more than one year in prison, and in fact he heard two sentences of more than a year pronounced, slightly more than a year before the crimes he engaged in the conduct leading to the charges at issue here. On this record, he can hardly show that he was unaware of his felon status, and thus cannot establish actual innocence under the *Rehaif* standard. 139 S. Ct. at 2196.

The Government has cited a litany of precedent where *Rehaif* challenges were denied under analogous facts. *See, e.g.*, *United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020); *United States v. Ward*, 957 F.3d 691, 694-95 (6th Cir. 2020); *United States v. Williams*, 946 F.3d

968, 975 (7th Cir. 2020) (challenge to pre-*Rehaif* guilty plea); *United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (challenge to pre-*Rehaif* guilty proceeding.)  *United States v. Reed*, 941 F.3d 1018, 1021-22 (11th Cir. 2019).

      /s/ Gerald Austin McHugh
    United States District Judge